UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

FIODOR LAPTEV

        Plaintiff,

vs.

MARC WALLENDORF and GLOBAL HEALTH GROUP, INC.

        Defendants.

Case No: 1:21-cv-20281

Complaint for Damages

**COMPLAINT FOR DAMAGES**

COMES NOW, Plaintiff, FIODOR LAPTEV, by and through his undersigned counsel states his complaint against Defendants, MARC WALLENDORF and GLOBAL HEALTH GROUP, INC and allege, upon facts, information, and belief, the following:

**PARTIES**

1. At all times material hereto, Plaintiff is a resident and citizen of the Russian Federation.

2. Defendant MARC WALLENDORF is a Swiss national who, on information and belief, is domiciled and resides in Miami-Dade County on 3650 Mystic Pointe Marina Aventura, FL 33180

3. Defendant GLOBAL HEALTH GROUP, INC. appears to be an entity that has a principal place of business and is domiciled in 20533 Biscayne Boulevard, Miami, FL 33180 according to its website on https://globalhealthgroup.com/contact/. With

that being said, Defendant Global Health Group, Inc. is not registered to do business in Florida, or any State, upon information and belief.

## JURISDICTION AND VENUE

4. Jurisdiction is proper in this Court because this is an action for damages that exceeds $75,000.00

5. Venue is also proper because all of the acts and omission complained of herein occurred and will continue to occur in Miami-Dade County, Florida.

6. There is complete diversity. All Defendant individuals and entities maintain their domicile and/or principal places of business in Miami-Dade County, Florida. Plaintiff is a foreign national.

7. All conditions precedent to filing this case have been complied with or waived by the Defendants.

## BACKGROUND FACTS AND ALLEGATIONS

8. Plaintiff was introduced to Mr. Wallendorf in Mystic Pointe Aventura. Defendant Wallendorf claimed to be an entrepreneur and developed an "amazing product" under Global Health Group, which was originally a German company doing business in Switzerland.

9. Mr. Wallendorf solicited Plaintiff in the United States and promised Plaintiff that he can take an initial investment of $80,000.00 and make $500,000.00 in a few years.

10. Mr. Wallendorf claimed there was no risk involved, and it was a "sure thing."

11. Moreover, Mr. Wallendorf claimed to have over 300 other investors, who also invested substantial amounts of money.

2

12. After Plaintiff's initial investment, Plaintiff noticed the share value decreased substantially. Mr. Wallendorf reassured Plaintiff that everything is under control and that the investment is "guaranteed."

13. All of a sudden, Mr. Wallendorf announced that he was going to close the Germany company, and reopen it in the United States. When Plaintiff asked for corporate documents and books as is his right as an investor, Plaintiff only received one page from 2018 without any accounting whatsoever.

14. In addition, Mr. Wallendorf said that he would sell 49% of the company for $500k if Plaintiff finds him additional investors.

15. Very recently, when my client inquired about selling some shares, Plaintiff was told that it is not possible because all of the money was lost, including the money from the "300 other investors." The only way for Mr. Wallendorf to get the money, he explained, was to get more investors.

16. Essentially, Mr. Wallendorf is setting up a "ponzi scheme" where one investor would pay for the buyout of another investor.

## **ALLEGATIONS FOR PIERCING THE CORPORATE VEIL**

17. Mr. Wallendorf is personally labile for any of the bad deeds conducted by GLOBAL HEALTH GROUP, INC. because Mr. Wallendorf dominated and controlled the respective entities to such an extent that the business is non-existent. More to the point, the business Global Health Group, Inc. maintains a Florida phone number, a Florida principal place of business, but is not registered to do business by the Florida Secretary of State.

18. Mr. Wallendorf used, and continue to use, Global Health Group, Inc to steal money from Plaintiff, as well as potentially hundreds of other investors.

19. The corporate form of Global Health Group, Inc. had no other purpose than to be used for the improper purpose of scamming Plaintiff out of thousands of dollars.

20. The fraudulent activity perpetrated by Mr. Wallendorf, through its corporate entity., caused direct and proximate pecuniary harm to Plaintiff

## COUNT I – FRAUD
## (PLAINTIFF AGAINST ALL DEFENDANTS)

21. Plaintiff incorporates and re-alleges count 1-20 and states the following in support:

22. Mr. Wallendorf, through his corporate entity, made numerous untrue statements. These statements included, but were not limited too,

    a. Guaranteeing that he could turn $80,000 into $500,000
    b. That the investment was "no risk" and a "sure thing"
    c. There were over 300 other investors

23. As it turned out, not a single one of the above statements were true. Notwithstanding that the above-mentioned statements were false; Defendants knew they were false because Defendants had actual knowledge the "investment" was nothing more than a Ponzi Scheme with no real product.

24. Plaintiff justifiably relied on the statements Defendants made and invested $80,000 based on the false and misleading statements that Defendants made.

25. Defendants made its false statements to intentionally dupe Plaintiff into paying Defendants $80,000

26. As a direct and proximate result of the harm caused by Defendants, Plaintiff suffered in a pecuniary fashion.

**WHEREFORE**, Plaintiff demands an award for actual damages, constructive damages, attorney's fees and costs, and whatever else this Court finds just and proper under the law.

### COUNT II – FRAUD IN THE INDUCEMENT AGAINST ALL DEFENDANTS

27. Mr. Wallendorf, through his corporate entity, made numerous untrue statements. These statements included, but were not limited too,

    a. Guaranteeing that he could turn $80,000 into $500,000

    b. That the investment was "no risk" and a "sure thing"

    c. There were over 300 other investors

28. As it turned out, not a single one of the above statements were true. Notwithstanding that the above-mentioned statements were false; Defendants knew they were false because Defendants had actual knowledge the "investment" was nothing more than a Ponzi Scheme with no real product.

29. Plaintiff justifiably relied on the statements Defendants made and invested $80,000 based on the false and misleading statements that Defendants made.

30. Defendants made its false statements to intentionally dupe Plaintiff into paying Defendants $80,000

31. Moreover, because of Defendant's fraudulent conduct, Defendant induced Plaintiff into entering into a contract. See Exhibit A – Contract. See Exhibit B – English Translation of contract/

32. As a direct and proximate result of the harm caused by Defendants, Plaintiff suffered in a pecuniary fashion.

**WHEREFORE**, Plaintiff demands actual damages, that the contract be void *ab initio* because it was procured by fraud, and whatever relief is just and proper.

Dated: January 22, 2021

Respectfully submitted,

          Law Offices of Andre G. Raikhelson, LLC.
          *Counsel for Plaintiff*
          301 Yamato Road
          Suite 1240
          Boca Raton, FL 33431
          Telephone:     (954) 895-5566
          Primary Email: arlaw@raikhelsonlaw.com
          Secondary email: a.raikhelson@icloud.com

          /s/ Andre G. Raikhelson
          Andre G. Raikhelson, Esq.
          Bar Number: 123657