UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:21-cv-20281-GAYLES

FIDOR LAPTEV,

    Plaintiff,

v.

MARC WALLENDORF d/b/a GLOBAL
HEALTH GROUP, INC.,

    Defendant.
_____/

**ORDER**

    **THIS CAUSE** comes before the Court on Plaintiff's Motion to Strike Affirmative Defenses (the "Motion to Strike"), [ECF No. 45], and Defendant's Rule 12(c) Motion for Judgment on the Pleadings for Improper Venue (the "Motion for Judgment on the Pleadings"). [ECF No. 49]. The Court has reviewed the Motions and the record and is otherwise fully advised. For the following reasons, the Court grants the Motion to Strike and denies the Motion for Judgment on the Pleadings.

**BACKGROUND**

    Plaintiff Fidor Laptev filed this action on January 22, 2021, against Defendants Marc Wallendorf ("Wallendorf") and Global Health Group, Inc. ("Global"), alleging claims for fraud and fraud in the inducement (the "Original Complaint"). [ECF No. 1]. In particular, the Original Complaint alleged that Wallendorf, through Global, made misrepresentations to induce Plaintiff to enter into an agreement to purchase $80,000 in shares of a German company that does not exist.

1

*Id.* ¶¶ 27–32. Plaintiff attached a copy the alleged agreement (the "Contract")[1] to the Original Complaint. *Id.* ¶ 31, [ECF No. 1-1].

On April 8, 2021, Wallendorf and Global filed an answer and affirmative defenses to the Original Complaint (the "First Answer"). [ECF No. 9]. The First Answer did not dispute that venue in the Southern District of Florida was proper and did not raise an affirmative defense arguing improper venue. *Id.*

On July 25, 2022, Plaintiff filed an Amended Complaint, this time naming Wallendorf d/b/a Global Health Group, Inc. as the sole Defendant ("Defendant"). [ECF No. 39]. The Amended Complaint, like the Original Complaint, alleges that Defendant fraudulently induced Plaintiff to enter into the Contract to purchase shares of a non-existent company. *Id.* ¶ 63. In addition to the claims for fraud and fraud in the inducement, Plaintiff added two claims under the Securities and Exchange Act. *Id.*

On August 15, 2022, Defendant filed an answer and affirmative defenses to the Amended Complaint (the "Second Answer").[2] [ECF No. 44]. The Second Answer denies that venue is proper and alleges that the Contract requires that disputes be filed in St. Gallen, Switzerland. *Id.* ¶ 4. The Second Answer also sets forth two affirmative defenses: (1) improper venue and (2) Plaintiff was on notice of the risks of the investment. On August 15, 2022, Plaintiff moved to strike Defendant's affirmative defenses, arguing neither is a proper affirmative defense. [ECF No. 45].

On August 28, 2022, Defendant moved for judgment on the pleadings based on improper venue. [ECF No. 49]. Specifically, Defendant argues that the Contract's forum selection clause requires that this action proceed in Switzerland. In response, Plaintiff argues that a motion for

---

[1] The copy of the Contract attached to the Complaint is a certified translation from German into English. *See* [ECF No. 1-1].
[2] Defendant original counsel moved to withdraw from this action on August 11, 2022. [ECF No. 42]. New counsel for entered an appearance on August 16, 2022. [ECF No. 46].

judgment on the pleadings is not the proper procedural vehicle to address improper venue and, even if it were, Defendant waived any objection to venue.

## DISCUSSION

**I.     Venue**

Defendant has moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), arguing venue is improper. At the outset, the Court notes that "a Rule 12(c) motion is an inappropriate method for resolving pretrial matters such as jurisdiction." *Kelly v. Kelly*, 901 F. Supp. 1567, 1569 n. 1 (M.D. Fla. 1995). Indeed, motions for judgment on the pleadings are "directed toward a determination of the substantive merits of the controversy." *Lawson v. Costa Crociere S.p.A.*, No. 04-61637, 2006 WL 8436436 at *3 (S.D. Fla. Aug. 9, 2006) (quoting 5C Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1369 (3d ed. 2004)). Issues relating to venue do not implicate a party's substantive claims; therefore, Defendant's motion for judgment on the pleadings based on the forum selection clause is improper. *See Pillon Communities, Inc. v. JJ & Z Builders, LLC*, No. 1:09-CV-2216-MHS, 2009 WL 10665522, at *1 (N.D. Ga. Oct. 30, 2009).

Even if Defendant had filed the appropriate motion, the Court finds that he waived the defense of improper venue by failing to raise it in response to the Original Complaint. The defense of improper venue must be raised by motion before or as part of the defendant's first responsive pleading. Fed. R. Civ. P. 12(b)(3). Defendant's failure to do so constitutes a waiver. *See* Fed. R. Civ. P. 12(h)(1); *Booth v. Carnival Corp.*, 522 F.3d 1148, 1153 (11th Cir. 2008) (observing that "defendants can, and often do, waive their defense of improper venue."); *PNC Bank, Nat'l Ass'n v. Maranatha Properties, Inc.*, 5:15-CV-563-OC-30PRL, 2016 WL 7510232, at *1 (M.D. Fla. Aug. 19, 2016) ("Although Defendants assert that they learned of the forum selection clause during

discovery, they provide no legitimate basis for failing to raise the venue objection in a timely manner. Consequently, because Defendants did not object to venue . . . in their first responsive pleading, Defendants have waived their objection.").

Defendant argues that he did not waive the defense of improper venue because he eventually raised it in response to the Amended Complaint. Defendant's argument is without merit. "Although, under the Federal Rules of Civil Procedure, an amended complaint supersedes the initial complaint and becomes the operative pleading in the case, the filing of an amended complaint does not automatically revive all defenses or objections that the defendant may have waived in response to the initial complaint." *Krinsk v. SunTrust Banks, Inc.*, 654 F.3d 1194, 1202 (11th Cir. 2011) (quotations and citations omitted). *See also Cooper Lighting, LLC v. Cordelia Lighting, Inc.*, 1:16-CV-2669-MHC, 2017 WL 11629195 at *3 n.2 (S.D. Ga. Nov. 13, 2017) ("[A]n amended complaint does not revive a waived venue defense."). Plaintiff attached the Contract containing the forum selection clause to the Original Complaint. Therefore, Defendant was aware of the forum selection clause but failed to argue that venue was improper in his First Answer. The Amended Complaint did not revive the defense. Accordingly, the Motion for Judgment on the Pleadings shall be denied.

## II.     Affirmative Defenses

Plaintiff has moved to strike Defendant's first and second affirmative defenses. As set forth above, Defendant waived any objection to venue. Accordingly, Defendant's first affirmative defense is stricken. In his second affirmative defense, Defendant asserts that Plaintiff was on notice of the risk of the investment. As Defendant concedes in his response to the Motion to Strike, this is a denial of the claims under the Securities Act and not affirmative defense. Therefore, Defendant's Second Affirmative Defense is stricken. *See Goldstein v. Firer*, No. 20-cv-23402,

4

2022 WL 2479237 *3 (S.D. Fla. Jun. 17, 2022) ("[A]n affirmative defense that disputes the allegations stated in the complaint is more appropriately treated as a denial.").

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendant's Rule 12(c) Motion for Judgment on the Pleadings for Improper Venue [ECF No. 49] is **DENIED**.

2. Plaintiff's Motion to Strike Affirmative Defenses [ECF No. 45] is **GRANTED**. Defendant's First and Second Affirmative Defenses are **STRICKEN**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 7th day of November, 2022.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE